UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GRANGE MUTUAL CASUALTY COMPANY Individually and as subrogee of AMERICAN SUNCRAFT CONSTRUCTION COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> HALLMARK SPECIALTY INSURANCE COMPANY, and F & F COATING, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:14-cv-00823-TWP-DML |

**NOTICE OF INTENT TO DISMISS WITHOUT PREJUDICE**

On May 20, 2014, Plaintiff, Grange Mutual Casualty Company ("Grange"), filed a Complaint against Defendants, Hallmark Specialty Insurance Company ("Hallmark") and F&F Coating, Inc. ("F&F"). (Filing No. 1.) On May 21, 2014, Grange issued summons to Hallmark and F&F. (Filing No. 3.) However, neither Defendant was properly served. Accordingly, on November 17, 2014, the Court issued an Order to Show Cause for failure to serve the Complaint within 120 days, noting that the case would be dismissed under Federal Rule of Civil Procedure 4(m) if good cause was not shown. (Filing No. 7.)

On November 18, 2014, Grange filed a Submission of Good Cause, claiming that failure to serve the Complaint was due to a mistaken belief that service would be made by the U.S. District Court. (Filing No. 9.) To rectify the error, Grange also submitted an Affidavit, affirming that Grange would attempt service of the Complaint via certified U.S. Mail. (Filing No. 9-1.) Further, Grange provided copies of its certified mail receipts. (Filing No. 8-1; Filing No. 8-2; Filing No. 8-3.)

Thereafter, on November 26, 2014, this Court discharged the Order to Show Cause, requiring Grange to file proof of service by December 15, 2014 and warning Grange that failure to do so would result in a recommendation to dismiss the case for failure to prosecute under Local Rule 41-1.  (Filing No. 10.)   On December 5, 2014, Grange submitted proof of service upon Hallmark.  (Filing No. 11.)  However, on January 28, 2015, Grange filed an affidavit, indicating that Grange had attempted to serve F&F via certified U.S. Mail but was unsuccessful in obtaining a signature on its certified mailing.  (Filing No. 21.)  On the same day, Grange filed a Motion for Clerk's Entry of Default against F&F.  (Filing No. 22.)  On February 2, 2015, the Court denied the motion because Grange had failed to provide valid proof of service upon F&F.  (Filing No. 24.)

Three weeks later, on February 24, 2015, Hallmark filed a Motion to Transfer.  (Filing No. 26.)  Before the Court rules on the pending motion to transfer, it is appropriate to determine F&F's status in this litigation.

Accordingly, the Court **ORDERS** Grange to file valid proof of service upon Defendant F&F by **September 4, 2015** or the Court will dismiss F&F as a defendant for failure to serve the complaint within 120 days after filing.  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant . . . .") (emphasis added).  See also Redd v. Dougherty, 578 F. Supp. 2d 1042, 1049 (N.D. Ill. 2008).

**SO ORDERED.**

Date: 8/26/2015

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

William Henry Kelley
KELLEY & BELCHER
akelley@kelleybelcherlaw.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Lewis S. Wooton
LEWIS WAGNER LLP
lwooton@lewiswagner.com

Michael Robert Giordano
LEWIS WAGNER LLP
mgiordano@lewiswagner.com