## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| GRANGE MUTUAL CASUALTY COMPANY individually and as subrogee of AMERICAN SUNCRAFT CONSTRUCTION COMPANY, INC. and, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 1:14-cv-00823-TWP-DML |
| HALLMARK SPECIALTY INSURANCE COMPANY, and F & F COATING, INC., | ) ) ) ) |
| Defendants. | ) |

## ORDER

On May 20, 2014, Plaintiff, Grange Mutual Casualty Company ("Grange"), filed a Complaint against Defendants, Hallmark Specialty Insurance Company ("Hallmark") and F&F Coating, Inc. ("F&F"). (Filing No. 1.) On May 21, 2014, Grange issued summonses to Hallmark and F&F. (Filing No. 3.) However, neither Defendant was properly served. Accordingly, on November 17, 2014, this Court issued an Order to Show Cause for failure to serve the Complaint within 120 days, noting that the case would be dismissed under Federal Rule Civil Procedure 4(m) if good cause was not shown. (Filing No. 7.)

On November 18, 2014, Grange filed a Submission of Good Cause, claiming that failure to serve the Complaint was due to a mistaken belief that service would be made by the U.S. District Court. (Filing No. 9.) To rectify the error, Grange also submitted an Affidavit, affirming that Grange would attempt service of the Complaint via certified U.S. Mail. (Filing No. 9-1.) Further, Grange provided copies of its certified mail receipts. (Filing No. 8-1; Filing No. 8-2; Filing No. 8-3.)

Thereafter, on November 26, 2014, this Court discharged the Order to Show Cause, requiring Grange to file proof of service by December 15, 2014 and warning Grange that failure to do so would result in a recommendation to dismiss the case for failure to prosecute under Local Rule 41-1. (Filing No. 10.) On December 5, 2014, Grange submitted proof of service upon Hallmark. (Filing No. 11.) However, on January 28, 2015, Grange filed an affidavit, indicating that Grange had attempted to serve F&F via certified U.S. Mail but was unsuccessful in obtaining a signature on its certified mailing. (Filing No. 21.) On the same day, Grange filed a Motion for Clerk's Entry of Default against Defendant F&F. (Filing No. 22.) On February 2, 2015, the undersigned denied the motion because Grange had failed to provide valid proof of service upon F&F. (Filing No. 24.)

On August 26, 2015, this Court ordered Grange to file valid proof of service upon F&F by September 4, 2015. (Filing No. 38.) This Court indicated that failure to do so would result in dismissal of F&F for failure to serve the complaint within 120 days after filing. *Id*.

On September 9, 2015, Grange submitted an Affidavit, stating that Grange had sent the summons and complaint to F&F in November 2014. (Filing No. 39 at 1.) Grange additionally explained that F&F signed and received the pleadings in a companion case but did not sign for the pleadings in this case. (Filing No. 39 at 1-2.) Without providing dates, Grange further explained that it had been in telephone contact with F&F regarding the summons and the complaint and that Grange resent the summons and complaint via "Next Day Air". (Filing No. 39 at 2.) Attached to the Affidavit, was Defendant F&F's signature for the summons and complain in the companion case. (Filing No. 39-1 at 3.)

This Court notes that Grange's filings, in response to this Court's most recent order, are the same as those submitted by Grange on January 28, 2015, in response to this Court's previous

2

order requiring proof of service upon F&F.  *Compare* (Filing No. 39-1) *with* (Filing No. 21-2).  *Compare* (Filing No. 39-2) *with* (Filing No. 21-1).  This Court previously found these submissions to be insufficient to demonstrate service, as Grange submitted no signature to confirm that the summons and complaint were in fact received by F&F.  (Filing No. 24 at 1.) *See* Fed. R. Civ. P. 4(h)(1)(B) (service upon a corporation must be completed by "*delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ..") (emphasis added).  *See also Richard v. Mahajan Corp., Inc.*, 1:09-CV-463, 2011 WL 470431, \*\*2-3 (S.D. Ind. Feb. 3, 2011) (holding that service by certified mail was incomplete when the plaintiff failed to provide a return receipt demonstrating acceptance of the summons and complaint) (*citing* Ind. Trial R. 4.11).

Because Grange has not properly demonstrated proof that valid service of the summons and the complaint was completed upon F&F within 120 days of filing its Complaint, despite having multiple opportunities to do so, dismissal of F&F is now mandated under Fed. R. Civ. P. 4(m).  "If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-*must* dismiss the action without prejudice against that defendant". Fed. R. Civ. P. 4(m) (emphasis added).  *See Redd v. Dougherty*, 578 F. Supp. 2d 1042, 1049 (N.D. Ill. 2008); *Agostin v. Am. Airlines Inc.*, 1-C-3203, 2003 WL 21349476, \*5 (N.D. Ill. Jan. 2, 2003).  *See also Williams v. Illinois*, 737 F.3d 473, 476 (7th Cir. 2013) (noting that the court can dismiss with prejudice if the plaintiff's delay is so long that it "signifies a failure to prosecute").

Accordingly, this Court now **DISMISSES WITHOUT PREJUDICE** Defendant F&F Coating, Inc. from this case.

**SO ORDERED.**

Date: 9/16/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

3

DISTRIBUTION:

William Henry Kelley
KELLEY & BELCHER
akelley@kelleybelcherlaw.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Lewis S. Wooton
LEWIS WAGNER LLP
lwooton@lewiswagner.com

Michael Robert Giordano
LEWIS WAGNER LLP
mgiordano@lewiswagner.com